Martin; J.
delivered the opinion of the Court. The plaintiff states- that by a rule of the Parish Court oí New-Orleans, the syndics were ordered to pay him B458 for his expenditures and services, as attorney of the estate, liquidated by the Court; that they have funds in hand, and have neglected to file a tableau, or statement of the affairs of the estate, as they were ordered to do, by a rule of Court, whereby they have become personally liable.
The answer contains a general denial and alleges that the orders of Court referred to are ex parte, irregular, illegal and void.
The word defence not being endorsed on the answer, the plaintiff took judgment, as on a Friday cause, in presence of the defendants’ counsel, who resisted it on the ground that the cause was- not such as could be tried on a Friday, without giving notice. \
Causes, thus called Friday causes, are defined in the rule of the Parish Court.' “ Causes on bills “ of exchange, promissory notes or other com"mercial instruments, or on balances of accounts “ adjusted between creditor and debtor.”
This Court is of.opinion that the Court below erred in not sustaining the objection, made *647 by the defendants’ counsel and in persisting to consider the present suit, as one of those defined in the rule, and that the defendants were .inipro-perly compelled to try the cause, without the re-guiar notice.
The rule must be confined to the cases, detailed and cannot be perhaps extended to similar ones. But the case before us has no similarity, with any of those in the rules. These are cases in which the obligation of the defendant appears-on the face of the instrument, which requires no proof except that of its genuineness. Here, the orders of Court give to the plaintiff" no claim on the persons or private property of the defendants; they only settle his claim on the estate. His claim on the defendants must be made out by evidence dehors these orders, viz. that money sufficient to satisfy' the plaintiff has come to the hands of the defendants*
The judgment of the Court below must therefore be reversed, annulled and made void, and
It is ordered, adjudged and decreed that the cause be demanded for trial below, wfith direction to try it as an ordinary cause; ‘